UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LUKE BRADLEY FRANCIS                                                                               PLAINTIFF

v.                                    Case No. 2:20-cv-02073

ROB SCHIBBELHUT, et al.                                                                        DEFENDANTS

## OPINION AND ORDER

On May 5, 2020, Plaintiff Luke Bradley Francis filed his complaint naming, among others, the Van Buren Police Department (the "VBPD") and the Fort Smith Police Department (the "FSPD") (collectively, the "Defendants"). The Defendants filed a motion (Doc. 27) to dismiss and brief (Doc. 28) in support. Plaintiff filed a motion (Doc. 30) to strike Defendants' motion to dismiss rather than filing a response opposing the motion. Defendants filed a response and brief (Docs. 31 and 32) opposing Plaintiff's motion to strike. In addition to considering the merits of Plaintiff's motion to strike, the Court has broadly construed Plaintiff's motion to strike and considered it as responsive to Defendants' motion to dismiss.

Defendants' motion to dismiss argues dismissal of the FSPD and the VBPD is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. A motion premised on Rule 12(b) must be filed before a responsive pleading. Fed. R. Civ. P. 12(b). Defendants filed the instant Rule 12(b)(6) motion after filing their answer. However, because the standard of review for a Rule 12(b)(6) motion is the same as for a Rule 12(c) motion for judgment on the pleadings, *Ashley Cty, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (explaining courts accept all factual allegations in the complaint as true and grant judgment if there is no dispute of material fact and the moving party is entitled to judgment as a matter of law), the Court will construe Defendants' motion as a motion for judgment on the pleadings and

1

proceed to rule on it.

Defendants argue dismissal is appropriate because the FSPD and the VBPD are departments of the City of Fort Smith and the City of Van Buren that cannot sue or be sued. Though this mistake by Plaintiff could easily be cured by substituting the respective cities as the correct named parties, the Court need not require this process because Plaintiff's complaint will be dismissed in its entirety.

In ruling on a motion for judgment on the pleadings, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). Rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint asserts RICO claims against twelve different defendants, including two police departments. Plaintiff alleges these defendants are involved in a "criminal enterprise" and are "engaged in a pattern of racketeering activity" by committing "trafficking, kidnapping, extortion, and robbery." (Doc. 24, p. 4, ¶¶ 6-7). The complaint includes no factual basis for these generalized allegations. Moreover, even giving the complaint the broad construction that it is due, the few facts Plaintiff does plead fail to support a reasonable inference that any one defendant is guilty of a RICO violation or other constitutional deprivation. *Iqbal*, 556 U.S. at 678. The Court

will grant Defendants' motion and will dismiss the complaint in its entirety. Because dismissal is predicated on this basis, dismissal will be without prejudice to the filing of a complaint that includes a sufficient factual basis to support a cause of action.

Because there are no facts which would give rise to a reasonable inference any defendant is liable for the misconduct alleged, Plaintiff's compliant will be dismissed without prejudice. Plaintiff's motion to strike will be denied as moot.

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. 27) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE. Judgment will be entered separately.

IT IS FURTHER ORDERED that the motion to strike (Doc. 30) is DENIED as MOOT.

IT IS SO ORDERED this 14th day of August, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE